IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES FOR THE USE AND BENEFIT OF METAL BUILDING COMPONENTS, A DIVISION OF NCI GROUP, INC. and METAL BUILDING COMPONENTS, A DIVISION OF NCI GROUP, INC.<br>    Plaintiffs,<br><br>v.<br><br>TEAM HENRY ENTERPRISES, LLC and AEGIS SECURITY INSURANCE COMPANY<br>    Defendants. | §§§§§§§§§§§§§§    CIVIL ACTION NO. _____ |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff United States for the Use and Benefit of Metal Building Components, a Division of NCI Group, Inc. ("NCI" or "Plaintiff") files this Original Complaint against Defendant, Team Henry Enterprises, LLC ("Team Henry") and Aegis Security Insurance Company ("Aegis") (collectively "Defendants") and would respectfully show unto the Court as follows:

### JURISDICTION

1.    This Court has subject matter jurisdiction pursuant to the 28 U.S.C. § 1331 and the provisions of the Miller Act, 40 U.S.C. § 3133(b)(3)(B). The Court has pendent jurisdiction and supplemental jurisdiction over the state law claims alleged in this Complaint pursuant to 28 U.S.C. § 1367.

## VENUE

2. NCI and Team Henry contractually agreed to mandatory venue in Houston, Texas, and therefore, venue is proper in the United States District Court for the Southern District of Texas pursuant to 40 U.S.C. § 3133(b)(3)(B) and 28 U.S.C. § 1391(b)(2).[1]

## CHOICE OF LAW

3. Pursuant to the contract between NCI and Team Henry, Texas law applies.

## PARTIES

4. Plaintiff Metal Building Components, an unincorporated division of NCI Group, Inc., is a Nevada corporation with its principal place of business at 10943 North Sam Houston Parkway West, Houston, Harris County, Texas 77064.

5. Defendant, Team Henry Enterprises, LLC is a Virginia limited liability company with its principal place of business at 1003 48th Street, Newport News, Virginia 23607-2200. Team Henry may be served with process via its registered agent, Devon Henry at 2414 Sledge Road, Louisburg, North Carolina, 27549-9422 or wherever else he/she may be found.

6. Defendant, Aegis Security Group is a Pennsylvania for profit corporation with its principal place of business at 2407 Park Drive, Harrisburg, Pennsylvania 17110-9672. Aegis may be served with process via its registered agent, CT Corporation at 2 N. Jackson Street, Suite 605, Montgomery, Alabama 36104-3821.

---

[1] *See In Re Fireman's Fund Insurance Companies*, 588 F.2d 93, 95 (5th Cir. 1979): "The Miller Act venue provision exists for the convenience of the parties. Such a provision is subject to variation by their agreement which should especially be given effect in a case such as this, where the defendants, for whose special protection the venue clause exists, themselves have moved for transfer in accord with the forum selection clause."

## STATEMENT OF FACTS

7. Defendant Team Henry contracted with the U.S. Marine Corps ("Marine Corps") and/or the U.S. Department of Defense (collectively the "U.S. Government") on a federal project, pursuant to Contract No. N40085-15-D-0852 (hereinafter "Prime Contract"). A true and correct copy of the Prime Contract is attached as **Exhibit "A"** and incorporated herein by reference for any and all purposes. The Prime Contract required Team Henry furnish labor, materials, equipment and incidental work related to construction for, including but not limited to Project No. 150066, Repair Building AS811 (the construction project hereinafter collectively referred to as the "Repair Building") in Jacksonville, North Carolina.

8. Sometime thereafter, after being awarded the Prime Contract, Team Henry obtained a Miller Act payment bond (hereinafter the "Bond") from defendant Aegis, as required by the U.S. Government. A true and correct copy of the Bond is attached as **Exhibit "B"** and incorporated herein by reference for any and all purposes In the Bond, Aegis agreed to be bound "jointly and severally with" Team Henry to make payment to all persons having a direct contractual relationship with Team Henry or to any subcontractor material supplier of Team Henry who furnished labor, material, or both in the prosecution of the work provided for in the Prime Contract, in the event that Team Henry failed to make prompt payment to such persons.

9. After Team Henry was awarded the Prime Contract, it entered into a contract with NCI titled "Application for Credit" (the "Credit Contract") whereby credit terms and other condition were agreed to between Team Henry and NCI. A true and correct copy of the Credit Contract is attached as **Exhibit "C-1"** and incorporated herein by reference for any and all purposes. The Credit Contract provided:

> Buyer hereby acknowledges, consents, stipulates and agrees that any and all claims, actions, proceeding or causes of action relating to the validity, performance, interpretation, and/or enforcement hereof shall be submitted exclusively to a court of competent jurisdiction in Houston, Harris County, Texas. Buyer irrevocably waives any claims that litigation brought in any such court has been brought in an inconvenient forum or improper forum.

*Id.* pg. 2, § 11.

10. Subsequent to the entry into the Credit Contract, Team Henry and NCI entered into a Limited Lump Sum Buyer Agreement ("Buyer Agreement") whereby NCI agreed to sell and deliver specified pre-engineered metal building products (the "Products") to be incorporated into a construction project for, including but not limited to, the Repair Building to Team Henry under a line of credit. A true and correct copy of the Buyer Agreement is attached as **Exhibit "C-2"** and incorporated herein by reference for all purposes. The Buyer Agreement specifically adopted and incorporated the terms of the Credit Agreement. The Contract and Buyer Agreement make up the contract between the parties and are collectively referred to as the "Contract."

11. Less than 90 days prior to the presentation of its bond claim, between the months of September and November 2017, NCI delivered the Products consistent with the Contract and in connection with the Prime Contract. The Products manufactured for Team Henry were integral to construction of the Repair Building, and NCI designed the Products for Team Henry in accordance with the agreement between the parties.

12. Despite NCI's delivery of the Products to Team Henry at the site and NCI's invoicing Team Henry for all amounts due (hereinafter referred to as the "Invoices"), Team Henry failed to pay NCI the sums due to NCI under the Contract. A true and correct copy of the Invoices are attached as **Exhibit "D"** and incorporated herein by reference for any and all purposes.

13. On December 19, 2017, NCI sent its Miller Act bond claim to Team Henry requesting a copy of the payment bond and contract for which the payment bond was given. A true and correct copy of NCI's December 19, 2017 letter to Team Henry is attached as **Exhibit "E"** and incorporated herein by reference for any and all purposes.

14. After waiting four (4) months with no reply, NCI sent another letter on April 25, 2018 requesting once again that Team Henry provide a copy of the payment bond. A true and correct copy of NCI's April 25, 2018 letter to Team Henry is attached as **Exhibit "F"** and incorporated herein by reference for any and all purposes.

15. On June 14, 2018, after receiving no response from Team Henry, NCI was forced to send a letter to the Office of the Secretary of the Navy pursuant to 40 U.S.C. § 3133(a). Included in the letter was an affidavit which detailed NCI's attempted delivery of materials to Team Henry and Team Henry's failure to pay NCI for the materials provided. A true and correct copy of NCI's June 14, 2018 letter to the Office of the Secretary of the Navy is attached as **Exhibit "G"** and incorporated herein by reference for any and all purposes.

16. Despite its delivery of the Products, Aegis has not paid NCI the sums due to NCI under the Bond. On or about June 19, 2018 Aegis notified NCI, by and through its counsel, that Aegis rejected NCI's claims and demands against the payment bond in all respects. A true and correct copy of the Aegis' June 18, 2018 letter to NCI's counsel is attached as **Exhibit "H"** and incorporated herein by reference for any and all purposes.

17. Pursuant to the Invoices, and accounting for all allowable credits and offsets, NCI is owed at least $46,192.97 exclusive of attorney's fees and interest. In sum, the Defendants have failed to pay NCI $46,192.97 due under the Contract and also due under the Bond.

18. More than 90 days have passed since NCI delivered the Products between the months of September and November 2017.

## FIRST CLAIM

### (BREACH OF CONTRACT)

19. NCI repeats and realleges paragraph 1 through 17 above as though fully set forth in this claim.

20. NCI entered into a valid and enforceable contract with Team Henry.

21. Pursuant to its contract with Team Henry, NCI agreed to manufacture and deliver the Products in connection with the construction of the Repair Building.

22. In exchange for its work, NCI was to be paid.

23. NCI performed all of its obligations under the agreement with Team Henry. Specifically, NCI has performed its obligations under the Contract with Team Henry.

24. Team Henry breached the Contract with NCI in that it has failed and refused to pay NCI in full for labor, services, and/or materials furnished in the prosecution of the work provided for in the Contract including those provided for the Repair Building.

25. NCI made demand on Team Henry for payment of all amounts due and owing. However, Team Henry refused to pay NCI for its work and Products that it provided.

26. Team Henry's failure to pay NCI all amounts due and owing to NCI constitutes a material breach of contract.

27. NCI has suffered damages as a direct and proximate result of Team Henry's breach of contract as to the Contract, in the principal amount of at least $46,192.97 exclusive of interest, attorney's fees and costs which are also due and owing. As a result of Team Henry's actions, NCI was forced to retain the services of undersigned counsel at a reasonable and necessary hourly rate.

Pursuant to the Contract and statute, NCI is entitled to recover and seeks recovery of its reasonable and necessary attorneys' fees and costs through all levels of trial and appeal as a result of bringing this suit.

## SECOND CLAIM

(QUANTUM MERUIT)

28. NCI repeats and realleges paragraph 1 through 17 above as though fully set forth in this claim, and in the alternative asserts as follows:

29. Team Henry engaged NCI to manufacture the Products in connection with construction of the Repair Building. As to Team Henry's engagement of NCI, there was an implied promise that Team Henry and would compensate NCI for the value of the Products that it (NCI) supplied to Team Henry for construction of the Repair Building.

30. NCI provided valuable labor, services, and/or materials that were necessary for Team Henry to perform and complete its obligations under the Prime Contract. Team Henry benefitted from NCI's labor, services and materials, including but not limited to the fact that Team Henry could not have fully performed and completed its obligations under the Prime Contract in the absence of the labor, services and/or materials that NCI provided.

31. As a result of supplying metal building materials and components to Team Henry NCI expected to be compensated the reasonable value of the materials and related services that it provided.

32. Team Henry has failed and refused to pay NCI for the labor, services, and/or materials referenced herein.

33. NCI has suffered damages and Team Henry has been unjustly enriched as a result of their failure to pay NCI for the labor, materials, and/or services provided by NCI, in the principal

amount of at least $46,192.97 exclusive of interests, attorney's fees and costs which are also due and owing and recoverable hereunder.

34. As a result of Team Henry's actions, NCI was forced to retain the services of undersigned counsel at a reasonable and necessary hourly rate. NCI is entitled to recover and seeks recovery of its reasonable and necessary attorneys' fees and costs through all levels of trial and appeal as a result of bringing this suit.

## THIRD CLAIM

(MILLER ACT PAYMENT BOND)

35. NCI repeats and realleges paragraph 1 through 17 above as though fully set forth in this claim.

36. Aegis issued the bond on the Repair Building to guarantee payments to all person or entities who supplied labor, services, and/or materials as required by the Miller Act, 40 U.S.C. § 3133.

37. Pursuant to the Bond, NCI is an intended beneficiary and Aegis is obligated to pay NCI for any labor, materials, and/or services that NCI furnished in prosecution of the work provided for in the Prime Contract or Contract, and for which Team Henry failed to make payment to NCI.

38. Team Henry failed to make payment in the amount of at least $46,192.97 to NCI for the metal building materials and components that NCI furnished in the prosecution of the work provided for in the Prime Contract and Contract and incorporated into the Repair Building.

39. On December 19, 2017, NCI served its Miller Act bond claim on Team Henry.

40. Team Henry and Aegis received timely notice of NCI's claim on the Bond. On or about June 19, 2018 Aegis notified NCI, by and through its counsel, that Aegis rejected NCI's claims and demands against the payment bond in all respects.

41. Aegis and Team Henry failed to fulfill their obligations under the Bond to pay NCI at least $46,192.97 in connection with the metal building materials and components that NCI furnished in connection with construction of the Repair Building as provided for in the Prime Contract and Contract, and for which Team Henry failed to make payment.

42. As a result of Aegis' and Team Henry's actions, NCI has been forced to retain the services of undersigned counsel at a reasonable and necessary hourly rate.

43. Pursuant to the Miller Act, 40 U.S.C. § 3133, NCI is entitled to recover on the payment bond for at least the sum of $46,192.97 plus interest and its reasonable and necessary attorneys' fees and costs as a result of bringing this suit.

### FOURTH CLAIM

(FEDERAL PROMPT PAYMENT ACT)

44. NCI repeats and realleges paragraph 1 through 17 above as though fully set forth in this claim.

45. The Prime Contract and Contract are contracts associated with and entered into for the benefit of the U.S. Government and, as such, fall within the purview of the Federal Prompt Payment Act, 31 U.S.C. §§ 3901-05.

46. NCI's Contract with Team Henry is a valid and enforceable contract for goods or services within the purview of the Prompt Payment Act.

47. NCI submitted all invoices and other documentation substantiating the amounts it was owed to Team Henry for payment. Payment under those invoices was due within thirty (30)

days. NCI submitted its last invoice to Team Henry on November 28, 2017. Payment from Team Henry on that invoice and all others then outstanding was due no later than December 28, 2017.

48. NCI did not receive complete payment within thirty (30) days after it provided metal building materials and components in connection with construction of the Repair Building. NCI also did not receive complete payment within fourteen (14) days after submitting invoices to Team Henry, or within seven (7) days after Team Henry's receipt of payment under the Prime Contract.

49. NCI has not received documentation from Team Henry sufficiently itemizing any amounts they have withheld from Team Henry on account of actions taken by NCI.

50. Payment to NCI remains due and owing under the terms of the Prime Contract and the Contract.

51. Pursuant to the Federal Prompt Payment Act, 31 U.S.C. § 3902(a), NCI is entitled to payment in full plus pre-judgment interest at the amount specified by law on all amounts due and owing from Team Henry from the date on which payment of NCI's final invoice was due until the date NCI is compensated in-full by Team Henry.

## FIFTH CLAIM

(TEXAS PROMPT PAYMENT ACT)

52. NCI repeats and realleges paragraph 1 through 17 above as though fully set forth in this claim.

53. By virtue of the above, NCI alleges a cause of action enforce payment under the Prompt Payment Act, Tex. Prop. Code § 28.001, et seq., against Team Henry. Although NCI substantially performed its obligations under the Contract, Team Henry breached the agreement by failing to pay NCI all sums due and owing under the agreement. Team Henry, moreover,

received payments in connection with the Prime Contract but failed to pay NCI for its portion of the work substantially performed or materials suitably provided under the Contract, as required under Tex. Prop. Code § 28.002.

54. As a result of Team Henry's failure to make prompt payment to NCI after all proper demands were made, as required by Tex. Prop. Code § 28.001, et seq., NCI has been damaged in the sum of at least $46,192.97. All just and lawful offsets, payments and credits have been allowed. NCI is also entitled to recover interest on all sums due and owing as allowed by law, including interest on overdue payments as allowed under Tex. Prop. Code § 28.004, and such attorneys' fees through trial and appeal, as are equitable and just, or reasonable and necessary, as permitted under Tex. Prop. Code § 28.005, et seq.

## PRAYER

WHEREFORE, NCI prays for:

1. Damages in an amount to be proven at trial;

2. Costs of suit incurred herein;

3. Reasonable attorney's fees through trial and all levels of appeal;

4. Pre and post judgment interests; and

5. Such other and further relief at law or in equity as the Court may deem just and proper.

Respectfully submitted,

**HOOVER SLOVACEK LLP**

By:   */s/ Patrick D. Sullivan*
     **PATRICK D. SULLIVAN**
     State Bar No. 00791758
     Federal ID No. 18191
     **DYLAN B. RUSSELL**
     State Bar No. 24041839
     Federal ID No. 36707
     **MATTHEW S. CIRE**
     State Bar No. 24097501
     SDOT Bar No. 3036985
     Galleria Tower II
     5051 Westheimer Suite 1200
     Houston, Texas 77056
     Phone: (713) 977-8686
     Telefax: (713) 977-5395
     sullivan@hooverslovacek.com
     russell@hooverslovacek.com
     cire@hooverslovacek.com

**ATTORNEYS FOR PLAINTIFF METAL BUILDING COMPONENTS, A DIVISION OF NCI GROUP, INC.**